UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID HILL AND KAREN HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　Defendants. | Case No. C08-5202 BHS/KLS<br><br>ORDER RE-NOTING MOTION TO DISMISS AS MOTION FOR SUMMARY JUDGMENT |

By Order dated July 24, 2008, the District Court has re-referred this matter to the undersigned as Plaintiffs submitted documentary evidence in support of their objections to the Report and Recommendation (Dkt. 17). Therefore, in accordance with Federal Rule of Civil Procedure 12(d), Defendants' Motion to Dismiss (Dkt. 5) shall be treated as a motion for summary judgment. (Dkt. # 18).

Plaintiffs are advised as follows:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

ORDER - 1

about any fact that would affect the result of your case, the party who asked
for summary judgment is entitled to judgment as a matter of law, which will
end your case. When a party you are suing makes a motion for summary
judgment that is properly supported by declarations (or other sworn
testimony), you cannot simply rely on what your complaint says. Instead,
**you must set out specific facts in declarations, deposition, answers to
interrogatories, or authenticated documents, as provided in Rule 56(e),
that contradict the facts shown in the defendant's declarations and
documents and show that there is a genuine issue of material fact for
trial. If you do not submit your own evidence in opposition, summary
judgment , if appropriate, may be entered against you. If summary
judgment is granted, your case will be dismissed and there will be no
trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

Accordingly, it is **ORDERED**:

(1) Defendants' Motion to Dismiss (Dkt. # 5) shall be **RENOTED as a motion for summary judgment** for **September 5, 2008**;

(2) Defendants' Reply to Plaintiff's Response shall be due on **September 2, 2008** and Plaintiff's Surreply to Defendants' Reply, if any, shall be due on **September 5, 2008**;

(3) The Court's previous Order staying discovery is (Dkt. # 11) is **LIFTED;** and

(4) The Clerk of the Court is directed to send copies of this Order to counsel of record and to Plaintiff.

DATED this 6th day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2