UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID HILL AND KAREN HILL,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. C08-5202 BHS/KLS<br><br>ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL AND FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' SUMMARY JUDGMENT MOTION |

Before the Court are Plaintiffs' second motion for an extension of time to respond to Defendants' summary judgment motion. Dkt. # 34. The Court notes that Plaintiffs have filed their opposition to Defendants' motion for summary judgment and asserted a cross motion for summary judgment. (Dkt. # 40) Plaintiffs request an extension pending a ruling on their motion to compel discovery. Dkt. # 35. Having considered the motions, Defendants' opposition (Dkts. # 38 and 39), and balance of the record, the Court finds that the motions should be denied.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is

ORDER - 1

"reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

**Plaintiffs' Allegations**

After Plaintiff David Hill was committed to the DOC, Plaintiff Karen Hill submitted an application for participation in the Extended Family Visitation program (EFV). Dkt. # 1-2, p. 11. Their application was denied because Plaintiffs were married forty days after Mr. Hill's conviction. *Id*. Plaintiffs allege that denial of their EFV application under DOC Policy 590.100 based on the fact that they were married post-conviction violates their right to equal protection. *Id*., p. 12.

Plaintiffs further allege that Defendants conspire to deny other inmates' EFV applications but after the inmates file suit, the Defendants improperly enter into settlement agreements and grant those inmates exceptions to participate in the EFV program. *Id*. Plaintiffs' allege that this conspiracy and practice violates their substantive due process rights. *Id*., p. 13.

Finally, Plaintiffs allege that they were not timely notified of the denial of their EFV application, thereby depriving them of the ability to appeal the decision, and entitling them to a cause of action for a writ of certiorari. *Id*.

**Fourteenth Amendment Right to Equal Protection**

The Fourteenth Amendment right to equal protection survives incarceration. *See e.g. Buamnn v. Arizona Dep't of Correctons*, 754 F.2d 841 (9th Cir. 1985). To prevail on an equal protection claim, Plaintiffs must show (1) that they have a fundamental personal right or (2) that they were intentionally discriminated against as a member of a suspect impermissible classification or (3) that the prison regulation was not reasonably related to a valid penological interest. *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990); *see Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

**(1)  Fundamental Right**

There is no fundamental personal right implicated in this case as inmates have no constitutionally protected right to conjugal visits. *Toussaint v. McCarthy*, 801 F.2d 1080, 11134 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987)(prisoners have no right to contact visits). That there is a rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant discussion. *Block v. Rutherford*, 468 U.S. 576, 586 (1984).

ORDER - 2

Neither prisons nor visitors have a constitutional right to prison visitation. *Harris v. Murray*, 758 F.Supp. 1114, 1116 (E.D.Va. 1991). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.' . . . Nor is access to a particular visitor independently protected by the Due Process Clause." *Navain v. Iowa Dep't of Corrections*, 843 F.Supp. 500, 504 (N.D. Iowa 1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)), and citing *Kentucky Dep't of Correctons v. Thompson*, 490 U.S. 454, 461 (1989)).

**(2)    Discrimination - Protected Class**

In order to state an equal protection claim under 42 U.S.C. § 1983, Plaintiffs have to show that Defendants acted with intent to discriminate. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991). The discrimination must be "intentional or purposeful." *Grader v. Lynnwood*, 53 Wn.App. 43`1, 437, 767 F.2d 952 (1989), *review denied*, 113 Wn.2d 1001, *Cert. Denied*, 493 U.S. 894, *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963). "This 'discriminatory purpose' must be clearly shown since such a purpose cannot be presumed. *Grader*, 53 Wn.App. At 437.

Additionally, Plaintiffs must show that they were "treated differently . . . because [they] belonged to a protected class." *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir. 1995) (citing *Divers v. Department of Corrections*, 921 F.2d 191, 193 (8th Cir. 1990)). "Indeed, showing that different persons are treated differently is not enough without more, to show a denial of equal protection." *Griffin v. County of School Board of Prince Edward Co.*, 377 U.S. 218, 230 (1964).

**(3)    Valid Penological Interest**

Where an equal protection challenge to a statute or regulation does not implicate a fundamental interest, the relevant inquiry is whether the regulation is patently arbitrary or bears no rational relationship to a legitimate governmental interest. *Robinson v. Marshall*, 66 F.3d 249 (9th Cir. 1995); *Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

With these principles in mind, the Court turns to the discovery requests in dispute.

**Plaintiffs' Discovery Requests**

ORDER - 3

Plaintiffs challenge Defendants' objections to Interrogatory Nos. 1 through 9 and 12 and to Request for Production Nos. 3 through 7.

In Interrogatory Nos. 1 through 3, Plaintiffs seek the identity of all inmates who have been granted an exception to the EFV policy and the reasons and persons makings such exceptions. Dkt. # 36-2 (*See* Interrogatory Nos. 1-3). In Interrogatory Nos. 4 through 9 and 12, Plaintiffs request the reasons exceptions to the EFV policy were given for specific inmates whom they have learned were either granted or denied applications to the EFV program. *Id*. (Interrogatory Nos. 4-9 and 12).

In Request for Production Nos. 3 through 6, Plaintiffs seek all communications between Defendants and the non-party offenders vis-a-vie the non-party offenders' access to the EFV program. *Id*. (Requests for Production Nos. 3-6). These requests are limited in time from May 8, 2007 to the present. Dkt. # 36-2, p. 4.

In the final request at issue, Plaintiffs seek documentation relating to any and all "incident reports, or equivalent, pertaining to poor behavior activity in regard to EFV's, from 1995 up to the present date." *Id*., p. 10 (Request for Production No. 7).

Defendants argue that the major deficiency with these requests is that they seek irrelevant information pertaining to non-party offenders. Dkt. # 39, p. 3. Defendants argue that Plaintiffs have failed to allege a violation of a fundamental right or the existence of a suspect classification and that it is undisputed that DOC officials properly applied the pre-conviction marriage eligibility requirement of 590.100 to Plaintiffs.[1] As it has already been established that the policy is rationally related to a legitimate penological interest (*see Daniel v. Rolfs*, 29 F.Supp.2d 1184, 1189 (E.D. Wash. 1998)), Defendants maintain that Plaintiffs must demonstrate that they are being intentionally discriminated against based on a protected classification. *See, e.g. Grader v. Lynnwood*, 53 Wash. App. 431, 437, 767 P.2d 952 (1989), *review denied*, 113 Wash.2d 1001, *cert.*

---

[1]Plaintiffs acknowledge that they were married after Mr. Hill's incarceration. Dkt. # 1-2, p. 11.

ORDER - 4

*denied*, 493 U.S. 894; *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination"), *cert. denied*, 375 U.S. 915; *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995).

The Court agrees with Defendants that the challenged discovery requests are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs have not alleged that they are being invidiously discriminated against due to their membership in a protected suspect class. There is no claim that they are being discriminated against because of their race, color, sex, age, or some other impermissible suspect classification. Prisoners are not a suspect class. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998).

Where an equal protection challenge to a statute or regulation does not implicate a fundamental interest, the relevant inquiry is whether the regulation is patently arbitrary or bears no rational relationship to a legitimate governmental interest. *Robinson,* 66 F.3d 249; *Coakley*, 884 F.2d at 1221-22.

Even if the compelled responses showed that other prisoners were similarly situated to Plaintiffs and that they are not being denied extended family visitation, this would not help the Plaintiffs because they cannot show that they are being discriminated against as a member of a suspect class, that they are being denied a fundamental right or that the challenged change in the DOC 590.100 is completely without merit. In addition, a mere showing of inequality does not establish an equal protection violation. *See McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991); *see e.g., Polakoff v. Henderson*, 370 F.Supp. 690, 694-95 (N.D. Ga. 1973) (no case or statute requiring uniform policies).

**CONCLUSION**

The challenged discovery requests are not relevant and not reasonably calculated to lead to

ORDER - 5

the discovery of admissible evidence. The Plaintiffs must limit their discovery to the reasons surrounding their own EFV denial and the intentions of the Defendants involved in the denial and handling of their application. It appears that Defendants have responded to the discovery propounded by Plaintiffs in that subject area to date. Dkt. # 35, Exhs. 3-4.

Plaintiffs' requests to extend the briefing scheduling and the summary judgment motion were contingent upon obtaining the Court's ruling on their motion to compel. The Court notes that Plaintiffs have submitted their response to Defendants' motion for summary judgment, as well as a cross-motion. Dkt. # 40. Therefore, Plaintiffs' motion for an extension of time (Dkt. # 34) shall be denied.

Accordingly, it is **ORDERED** as follows:

(1) Plaintiffs' motions for an extension of time (Dkt. # 34) and to compel (Dkt. # 35) are **DENIED**;

(2) The Clerk is directed to send copies of this Order to both Plaintiffs and counsel for Defendants.

DATED this  5th   day of January, 2009.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 6